# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **SUNSHINE MILLS, INC.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action Number:** |
| ) | |
| **ILLINOIS UNION INSURANCE** ) | _____ |
| **COMPANY and ROSS SYSTEMS,** ) | |
| **INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

## DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Illinois Union Insurance Company ("Illinois Union"), pursuant to 28 U.S.C. § 1446, hereby removes this action from the Circuit Court of Franklin County, Alabama to the United States District Court for the Northern District of Alabama, Northwestern Division. In support of its Notice, Illinois Union shows the Court as follows:

### INTRODUCTION

1. On January 13, 2011, Plaintiff Sunshine Mills, Inc. ("Sunshine") commenced this action by filing suit in the Circuit Court of Franklin County, Alabama, Case No. CV-2011-900003. (See Complaint, filed as Exhibit "1").

2. Sunshine named Illinois Union and Ross Systems, Inc. ("Ross") as defendants in the Complaint.

3. Sunshine is a Delaware corporation with its principal place of business in Red Bay, Alabama. Ross is a Delaware corporation with its principal place of business in Atlanta, Georgia. Because there did not appear to be complete diversity of citizenship, the case stated by the initial pleading was not removable.

4. This case is a judgment creditor action arising under Ala. Code § 27-23-2.

5. This case arises from a prior suit filed by Sunshine against Ross on April 29, 2008. In that case, Sunshine filed suit against Ross in the Circuit Court of Franklin County, Alabama concerning allegedly unsuitable software installed by Ross at Sunshine's plant. Illinois Union was not a party to the 2008 lawsuit by Sunshine against Ross. That suit resulted in a verdict on December 3, 2010 in favor of Sunshine in excess of $61 million.

6. Ross is a subsidiary of CDC Software, Inc., who Illinois Union insured for the policy period December 15, 2007 to December 15, 2008.

7. The policy issued by Illinois Union insuring CDC Software, Inc. and Ross was a claims made and reported policy. In order to satisfy the insuring agreement, claims must be both first made against the insured and reported to Illinois Union during the policy period. Although suit was filed by Sunshine

against Ross on April 29, 2008, Ross did not report the claim to Illinois Union until August 11, 2009.

8. Illinois Union denied coverage for Sunshine's claims against Ross on July 27, 2010 prior to the $65 million judgment because Ross failed to comply with the insuring agreement in the policy. (See Illinois Union Denial Letter, filed as Exhibit "2").

9. At the time Sunshine filed its Complaint in the instant case against Illinois Union and Ross, Ross had not contested or otherwise responded to Illinois Union's denial of coverage.

10. Ross did not contest or otherwise respond to Illinois Union's coverage denial until July 23, 2011, when it sent a letter to Illinois Union demanding coverage in connection with the judgment entered against it in the underlying lawsuit. (See Ross Demand Letter, filed as Exhibit "3"). For aught that appeared, the interest of Ross at the time the instant suit was filed was aligned with Illinois Union by not contesting Illinois Union's coverage position for over a year after the claim was denied. The July 23, 2011 demand for coverage by Ross was the first indication that Ross' interests in this litigation were not aligned with Illinois Union's. Based on Ross's July 23, 2011 demand for coverage it is apparent that Ross's interests are aligned with those of Sunshine.

## ROSS IS DUE TO BE REALIGNED AS A PARTY PLAINTIFF

11. In a judgment creditor action brought pursuant to Ala. Code § 27-23-2, the interests of the judgment creditor and the insured are aligned when there is a dispute as to the existence of coverage under an insurance policy. See Cromwell v. Admiral Ins. Co., 2011 U.S. Dist. Lexis 73469 (S.D. Ala. 2011). The interests of the judgment creditor and insured are aligned because the principal interest of both the judgment creditor and the insured is having the insurer pay the underlying judgment.

12. In addressing the proper alignment of the parties, the Court must consider "the principal purpose of the suit and the primary and controlling matter in dispute." Indem. Ins. Co. of North America v. First Nat'l Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir. 1965). The generally accepted test for proper alignment is whether the parties with the same "ultimate interests" in the outcome of the action are on the same side. Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984). Sunshine's principal purpose in bringing this action is to have Illinois Union pay its limits towards satisfaction of the underlying judgment. Ross shares that same principal interest in this litigation. The primary and controlling matter in dispute is the existence of coverage. Both Sunshine and Ross stand to benefit from any finding that coverage exists for Sunshine's judgment

against Ross. Therefore, their interests in this suit are manifestly the same, and Ross should be realigned as a plaintiff in this case.

## PLAINTIFFS ARE COMPLETELY DIVERSE FROM ILLINOIS UNION.

13. Sunshine is a Delaware corporation with its principal place of business in Red Bay, Alabama. Ross is a Delaware corporation with its principal place of business in Atlanta, Georgia. Illinois Union is an insurance company incorporated in Pennsylvania with its principal place of business in Chicago, Illinois.

14. In a direct action, an "insurer shall be deemed a citizen of the State in which the insured is a citizen" for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). However, this case is not a direct action within the meaning of Section 1332 (c) (1).

15. Direct actions under § 1332(c)(1) are those in which an aggrieved plaintiff files suit against the wrongdoer's insurer **without either joining the wrongdoer as a defendant or first obtaining a judgment against the wrongdoer**. See Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157 (11th Cir. 1985) (emphasis added); Armentrout v. Atlantic Cas. Ins. Co., 731 F. Supp. 2d 1249 (S.D. Ala. 2010); Cromwell v. Admiral Ins. Co., 2011 U.S. Dist. Lexis 73469, at *8-11.

16. The instant action is not a direct action within the meaning of § 1332(c)(1), because Sunshine has both joined the alleged wrongdoer, Ross, as a defendant <u>and</u> obtained a judgment against Ross. Thus, the instant action is a garnishment proceeding which requires that a final judgment be obtained before a claim by a non-insured against an insurer may proceed. Illinois Union's citizenship, for diversity purposes, is determined by the state of its incorporation and the state in which it has its principal place of business. Ross should be realigned as a plaintiff because its interests are aligned with the plaintiff, Sunshine, with respect to coverage under the Illinois Union policy. Upon realignment, diversity of citizenship exists.

17. Because realignment of Ross as a plaintiff results in complete diversity, and the amount in controversy exceeds the jurisdictional amount, this Court has diversity jurisdiction over this lawsuit.

## PROCEDURAL REQUIREMENTS

18. This Notice of Removal has been timely brought by Illinois Union within 30 days from when it received an "other paper" from Ross that put Illinois Union on notice, for the first time, that Ross should be realigned as a plaintiff, thus creating complete diversity of the parties. 28 U.S.C. § 1446(b). Section 1446(b) provides, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable….

19. The Eleventh Circuit has held that a demand letter can constitute "other paper" within the meaning of § 1446(b). See Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). Correspondence alerting the removing party to the existence of complete diversity has also been held to constitute "other paper" under the statute. See Davis v. Chrysler Corp., 950 F. Supp. 327 (N.D. Ala. 1997); Polk v. Sentry Insurance, 129 F. Supp. 2d 975 (S.D. Miss. 2000).

20. Illinois Union was not aware that Ross would contest Illinois Union's coverage denial, and therefore was not aware that Ross's interests in this lawsuit were not aligned with Illinois Union, until Illinois Union received a coverage demand letter from Ross on July 23, 2011. Therefore, the July 23, 2011 demand letter was the first "other paper" that alerted Illinois Union to the fact that complete diversity existed in this matter.

21. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "4" in conformity with 28 U.S.C. § 1446(a).

22. Defendant has heretofore sought no similar relief.

23. The United States District Court for the Northern District of Alabama, Northwestern Division, is the Court and division embracing the place where this action is pending in state court.

24. Contemporaneously with the filing of this Notice of Removal, Illinois Union has filed a copy of the same with the clerk of the Circuit Court for Franklin County, Alabama and a notice of filing notice of removal. Written notice of the filing of this Notice of Removal has also been served upon Sunshine and Ross.

25. Illinois Union reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED**, Illinois Union prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division.

Dated this the 22nd day of August, 2011.

                                                          Respectfully submitted,

                                                          */s/Mark E. Tindal*
                                                          Stephen E. Whitehead (WHI066)
                                                          Mark E. Tindal (TIN010)
                                                          Attorneys for Illinois Union Insurance Company

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD, & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing on counsel of record via efile or by placing a true and correct copy of same in the United States Mail, postage prepaid and properly addressed on this the 22nd day of August, 2011 to the following:

Attorney for Sunshine Mills
Daniel G. McDowell
McDowell & Beason
507 North Jackson Avenue
P.O. Box 818
Russellville, AL 35653-0818

Attorney for Ross Systems
Richard A. Bearden
Massey, Stotser, & Nichols, P.C.
1780 Gadsden Highway
Birmingham, Alabama 35235

                                              */s/Mark E. Tindal*
                                              Of COUNSEL